IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JERRY GULLEY                                                                           PLAINTIFF

VS.                                   NO.  3:05 CV-00104 JMM

ROBERTSON CONTRACTORS, INC.                                      DEFENDANT

### ORDER

Plaintiff filed a complaint under the ADEA and the Arkansas Civil Rights Act alleging age discrimination in his employment with Robertson Contractors, Inc.  Specifically, plaintiff alleges that he was terminated from his job as a crane operator in favor of a younger man who was retained in the same position.  Defendant contends the plaintiff was layed off temporarily during a general reduction of the work force due to weather and the completion of a construction project.  Defendant also contends plaintiff was told he could return to his regular job when work became available.  The case was tried to the Court on May 22, 2006.  For the reasons stated below, judgment will be for the defendant and the complaint of the plaintiff will be dismissed with prejudice.

Plaintiff began his employment with defendant in April, 1994, as a crane and heavy equipment operator.  Except for periodic layoffs, which are routine in the construction business, plaintiff continued his employment until December 21, 2004.  In the fall of 2004, Robertson was nearing completion of a project near Newport, Arkansas and it was necessary to reduce its work force.  Merl Inman was the job superintendent tasked with the responsibility of selecting the

1

employee to be layed off. Inman had two crane operators working at Newport; the plaintiff and Robbie Nelson who had been employed in 2002. Nelson was the younger of the two men by more than 20 years but had 15 years experience as a heavy equipment operator and was regarded by Inman as the better crane operator of the two. Inman was able to move Nelson to another Robertson project but layed plaintiff off until other work became available for him. When plaintiff was not called to return to work, he perceived that he had been terminated and filed a complaint with the EEOC for age discrimination.

On February 1, 2005, Ben Holt, a Vice President for Robertson, called plaintiff on the phone to inquire about the filing of the EEOC complaint and told plaintiff he was still regarded as an employee of Robertson in layed off status and would be recalled as soon as work was available. Plaintiff was in fact never called, nor did he call to follow up to see if any work was available for him.

The Court found the plaintiff to be a very credible witness in his own behalf and credits the testimony that he was a well qualified crane operator and a valued employee. The only evidence that the decision to lay plaintiff off in December, 2004, was based upon his age were references that he was called "the old man". However, there was never any suggestion that this appellation was used in a derogatory manner or that Inman or Holt ever used the term at all.

This case turned on the credibility of Merl Inman who had sole responsibility for deciding which employee to lay off and what criteria he used in making the decision. The Court

finds Inman to be sincere and credible and accepts his testimony that the decision was based entirely on qualifications as a crane operator and not age. All of the witnesses called for the plaintiff supported the view that Gulley was well qualified but on the other hand, none were critical of Nelson and most thought they were about equal.

The Court cannot sit as a super personnel department and should not second guess employment decisions when discrimination cannot be found. The Court is convinced that Inman made his decision, right or wrong, in good faith and not with any intent to discriminate against the plaintiff because of his age. For that reason the plaintiff's claim must fail and his complaint is dismissed.

The Court makes the following findings of fact and conclusions of law:

### Findings of Fact

1. Jerry Gulley is a citizen and resident of Craighead County, Arkansas.

2. Robertson Contractors, Inc. is a foreign corporation authorized to do business in Arkansas.

3. Plaintiff filed a timely Charge of Discrimination with the EEOC and the Court has jurisdiction over the parties and the cause of action.

4. Plaintiff's date of birth is March 2, 1940. In December, 2004, he was 64 years old.

5. Plaintiff was first employed by defendant in April, 1994, and continued his employment on an intermittent basis until December 21, 2004.

6. Plaintiff would be layed off each year when the defendant experienced weather issues or completed projects but plaintiff was considered well qualified as a crane operator and a valued employee.

7. Plaintiff experienced layoffs in August, 2004, October, 2004, and on December 21, 2004. On each occasion Robbbie Nelson was retained as an employee by the defendant.

8. Robbie Nelson was a younger man than the plaintiff with less experience but was regarded as a well qualified crane operator by his job superintendent.

9. Merl Inman was the job superintendent tasked with the responsibility of selecting the employees to be layed off when circumstances dictated a reduction in the work force.

10. Inman elected to retain Nelson over plaintiff based solely on his evaluation of the

relative ability of the two individuals to perform their job and not because of age.

11. Plaintiff was contacted by defendant's Vice President Ben Holt and told that he was considered an employee of Robertson in a layed off status and could return to his job when work was available.

### Conclusions of Law:

1. Plaintiff's age was not a factor in defendant's decision to lay him off on December 21, 2004.

2. Plaintiff has failed to meet his burden of proving age discrimination.

3. Plaintiff's complaint is dismissed with prejudice.

**IT IS SO ORDERED this   24th   day of May, 2006.**

James M. Moody
United States District Judge